IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GREGORY STOCKMAN,

    Petitioner,

v.

DOLLY MATTEUCCI, Warden,

    Respondent.

          /

No. C 13-01705 YGR (PR)

**AMENDED ORDER OF DISMISSAL WITH LEAVE TO AMEND**

On April 16, 2013, Petitioner, a state prisoner, filed a document with the Court in the instant case, which was opened as a habeas corpus action. He also filed an application to proceed *in forma pauperis*.

On the same day the action was filed the Clerk of the Court sent a notice to Petitioner informing him that his action could not go forward until he filed with the Court a habeas corpus petition form, completed in full, within twenty-eight days or his action would be dismissed.

On May 8, 2013, Petitioner filed his *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the Court's form. He admits that at the time he was filing the instant petition, he had a habeas action pending in state court.

Prisoners in state custody who wish to challenge in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). The exhaustion requirement is not satisfied if there is a challenge to the fact or length of confinement pending in state court. *See Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. *Id.* at 510; *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988). A dismissal solely for failure to exhaust is not a bar to returning to federal court after exhausting available state remedies. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995).

Because Petitioner states that he has a habeas petition still pending before state court, his present petition appears to be unexhausted for purposes of federal habeas corpus review. Moreover, it is unclear to this Court whether Petitioner is seeking federal habeas corpus relief based on other grounds for relief raised on direct appeal and/or currently pending before state court. Accordingly, the petition must be DISMISSED for Petitioner to file an amended petition which clarifies the nature and exhaustion status of all claims which he seeks to raise in his federal petition. If Petitioner seeks to add newly exhausted claims to his petition he shall include those in the amended petition as well. Petitioner shall use the form provided with this Order to file his amended petition.

**CONCLUSION**

For the foregoing reasons the Court orders as follows:

1. Leave to proceed *in forma pauperis* is GRANTED (Docket No. 3).

2. The petition is DISMISSED with leave to amend. Petitioner may file an amended petition, as set forth above, within **twenty-eight (28) days** of the date of this Order. **He must write the correct caption and case number for this action -- Case No. C 13-01705 YGR (PR) -- on the form, and clearly label it "Amended Petition."** The failure to do so will result in the dismissal of this petition without prejudice and without further leave to amend.

**3. The Clerk of the Court shall send Petitioner a blank federal habeas petition form along with his copy of this Order.**

IT IS SO ORDERED.

DATED: May 22, 2013

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**