IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GREGORY STOCKMAN,

    Petitioner,

vs.

DOLLY MATTEUCCI,

    Respondent.

No. C 13-01705 YGR (PR)

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

    Petitioner, a state prisoner filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    In an Order dated May 22, 2013, after conducting a preliminary review of the petition, the Court found the record was unclear as to whether Petitioner's claims were exhausted for purposes of federal habeas corpus review. The Court dismissed the petition and granted Petitioner twenty-eight days to file an amended petition clarifying the nature and exhaustion status of all claims which he raised in his federal petition, or to suffer dismissal of the petition without prejudice. The Court also granted Petitioner's application for *in forma pauperis* status.

    On June 24, 2013, Petitioner filed his amended petition. He admits that at the time he filed his amended petition, he had a "petition, appeal or other post-conviction proceeding" pending in the state appellate and supreme courts. (Pet. at 3, 5.)

    Prisoners in state custody who wish to challenge in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. *Id.* at 510; *Guizar v. Estelle,* 843 F.2d 371, 372 (9th Cir. 1988). A dismissal solely for failure to exhaust is not a bar to returning to federal court after exhausting available state remedies. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995).

1  Because Petitioner states that his state court proceedings are pending before the state
2  appellate and supreme courts, it appears that any claims he might attempt to bring would be
3  unexhausted. *See Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983). Accordingly, this action
4  is DISMISSED without prejudice and without further leave to amend. This dismissal is without
5  prejudice to Petitioner exhausting his state remedies in state court and then filing a new federal
6  habeas corpus petition. Should he do so, he is advised to file his new federal habeas corpus petition
7  as soon as possible after his state court proceedings have concluded.

8  However, if Petitioner has both exhausted and unexhausted claims which he seeks to raise in
9  federal court, he can file a new action consisting of a federal habeas corpus petition in which he
10 raises all of his claims and, if appropriate, seeks a stay of the petition while he continues to exhaust
11 the unexhausted claims in state court. *See Rhines v. Webber*, 544 U.S. 269, 277-78 (2005).
12 Alternately, he can wait until all of his claims are exhausted and then file a new federal habeas
13 action. The Court offers no opinion as to which, if either, option Petitioner should choose. Nor is
14 the Court able to opine whether any future petition would be timely, because Petitioner has not
15 provided adequate information regarding the procedural background of his claims.

16 Accordingly, this action is DISMISSED without prejudice. The Clerk of the Court shall
17 enter judgment, terminate all pending motions, and close the file.

18 IT IS SO ORDERED.

19 DATED:  June 26, 2013

        _____
20      **YVONNE GONZALEZ ROGERS**
        **UNITED STATES DISTRICT COURT JUDGE**

G:\PRO-SE\YGR\HC.13\Stockman1705.DISM(unexh).wpd    2